

Leonard R. Berman
4711 SW Huber St., Suite E-3
Portland, OR 97219
(503) 473-8787
OSB # 96040
Easyrabbi@excite.com

FILED'07 NOV 08 12:25USDC-ORP

<u>ATTORNEY FOR PLAINTIFF(S)</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RILEY HINDS,<br>both individually and on behalf of a class of others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>MULNOMAH COUNTY,<br>BERNIE GIUSTO,<br>both individually and in his official capacity as Sheriff<br><br>　　　　　　　Defendants. | **CV '07 - 1677    PK**<br><br>Civil Action Number CV<br><br><br>**CLASS ACTION COMPLAINT<br>JURY TRIAL DEMANDED** |

## INTRODUCTION

　　This is a class action brought to redress the deprivation by Defendants of rights secured to the Plaintiffs and proposed Class by the United States Constitution and the laws of the United States of America. For at least the past several years, the Multnomah County Sheriff's Department has had a policy of strip-searching all individuals who enter

1

the Multnomah County Jail and are placed in jail clothing, regardless of the crime upon which they are charged. Upon information and belief, this policy is, in part, derived from the written procedures of the Multnomah County Sheriff's Department, and was promulgated by senior Department officials; specifically, Defendant Bernie Giusto.

It has been well established in this judicial circuit for many years that individuals charged with misdemeanors or violations cannot be strip-searched absent particularized suspicion that they possess weapons or contraband. In fact, several judges in this Judicial District, as well as the United States Court of Appeals for the Ninth Circuit, have recently held that blanket strip search policies/practices like those in dispute in this case are unconstitutional. In short, the policy of Multnomah County and the Multnomah County Sheriff's Department of forcing those charged with minor crimes to undergo the indignities of a strip search upon entry into the Multnomah County Jail is not only clearly illegal, but is degrading, insensitive and unnecessary.

Riley Hinds brings this action on behalf of himself, and on behalf of a class of thousands of others who were strip searched after being charged with petty crimes, to vindicate the clear and unnecessary violation of his civil rights and those of the class members he proposes to represent. Mr. Hinds was taken in on a mistaken warrant for a purported probation violation on or about July 24, 2006. Mr. Hinds was transported to the Multnomah County Jail and was at later dates subjected to multiple strip searches, in violation of his right against unreasonable searches under the Fourth Amendment of the United States Constitution. He seeks monetary damages for himself and each member of the proposed class, a declaration that the Sheriff's Department's policies/practices are unconstitutional, and an injunction precluding Multnomah County and the Multnomah

County Sheriff's Department from continuing to violate the rights of those placed into their custody. With this as a background, Plaintiff Riley Hinds, through counsel, hereby complains as follows:

## JURISDICTION

1. This Court has jurisdiction over this action under the provisions of 28 U.S.C. §§ 1331, 1341 & 1343 because it is filed to obtain compensatory damages, punitive damages, and injunctive relief for the deprivation, under color of state law, of the rights of citizens of the United States secured by the Constitution and federal law pursuant to 42 U.S.C. §§ 1981 & 1983. This Court also has jurisdiction over this action under the provisions of 28 U.S.C. § 2201, as it is filed to obtain declaratory relief relative to the Constitutionality of the policies of a local government.

2. Venue is proper under 28 U.S.C. § 1391(e)(2) because the events giving rise to Plaintiff's claims and those of proposed class members occurred in this judicial district.

## PARTIES

2b. Plaintiff Riley Hinds ("Hinds") resides in Multnomah County, Oregon. On or about July 24, 2006, the Clackamas County Sheriff's Office officers took Mr. Hinds into custody and transported him to the Justice Center (MCDC) where he spent four days on a wrongfully issued warrant for failure to report for bench probation that was incorrectly coded as formal probation on an underlying misdemeanor. He was strip and cavity searched on or about July 24, 2006.

2c. Defendant Multnomah County (the "County") is a county government organized and existing under the laws of the State of Oregon. At all times relevant hereto, the County, acting through its Sheriff's Department, was responsible for the policies, practices, supervision, implementation and conduct of all matters pertaining to the Multnomah County Jail and was responsible for the appointment, training, supervision and conduct of all Sheriff's Department personnel, including those working in the Multnomah County Jail. In addition, at all relevant times, the County was responsible for enforcing the rules of the Multnomah County Jail, and for ensuring that Sheriff's Department personnel employed in the Jail obey the Constitution and laws of the United States and of the State of Oregon.

3. The Multnomah County Sheriff's Department (the "Sheriff's Department") is a County Sheriff's Department organized and existing under the laws of the State of Oregon. At all times relevant hereto, the Sheriff's Department was responsible for operating, organizing, overseeing and administering the Multnomah County Jail ("MCJ"). At all times relevant hereto, Defendant Sheriff's Department, together with Multnomah County was responsible for the polices, practices, supervision, implementation and conduct of all matters pertaining to the MCJ, and was responsible for the appointment, training, supervision and conduct of all Sheriff's Department personnel, including those working in the MCJ. In addition, at all times relevant hereto, Defendant Sheriff's Department, together with Multnomah County, was responsible for enforcing the rules of the Multnomah County Jail, and for ensuring that Sheriff's Department personnel employed in the MCJ obeyed the Constitution and laws of the United States and of the State of Oregon.

4. Defendant Bernie Giusto ("Sheriff Giusto") is the duly elected Sheriff of Multnomah County, and, as such, is a policy maker with respect to the treatment of pre-trial and other detainees over which the MCJ exercises custodial or other control. Sheriff Giusto is made a Defendant in this action in both his individual and official capacities.

5. Collectively, Sheriff Giusto will be referred to as the "Policy Making Defendant."

## CLASS ACTION ALLEGATIONS

6. Plaintiff brings this action pursuant to Rules 23(b)(1), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of themselves and a class of similarly situated individuals who were charged with misdemeanors or minor crimes and were strip searched upon their entry into the Multnomah County Jail.

7. The class that Plaintiff seeks to represent is defined as follows:

> All persons who have been or will be placed into the custody of the Multnomah County Jail after being charged with misdemeanors, violations, violations of probation or parole, traffic infractions, civil commitments or other minor crimes and were or will be strip searched upon their entry into the Multnomah County Jail pursuant to the policy, custom and practice of the Multnomah County Sheriff's Department and Multnomah County. The class period commences on November 8, 2005 and extends to the date on which the Multnomah County Sheriff's Department and/or the County of Multnomah are enjoined from, or otherwise cease, enforcing their unconstitutional policy, practice and custom of conducting strip searches absent reasonable suspicion. Specifically excluded from the class are Defendants and any and all of their respective affiliates, legal representatives, heirs, successors, employees or assignees.

8. This action has been brought and may properly be maintained as a class action under Federal law and satisfies the numerosity, commonality, typicality and adequacy requirements for maintaining a class action under Fed. R. Civ. P. 23(a).

9. The members of the class are so numerous as to render joinder impracticable. Upon information and belief, there are hundreds of people arrested for misdemeanors and violations who are placed into the custody of the Multnomah County Jail every month – all of whom are members of the proposed class. Upon information and belief, the size of the proposed class totals at least 3,000 individuals, some of whom have had their civil rights violated on multiple occasions.

10. Upon information and belief, joinder of all of these individuals is impracticable because of the large number of class members and the fact that class members are likely dispersed over a large geographical area, with some members presently residing outside of Multnomah County and this Judicial District. Furthermore, upon information and belief, many members of the class are low-income persons, may not speak English, and likely would have great difficulty in pursuing their rights individually.

11. Common questions of law and fact exist as to all members of the Class, in that they all had their right to be free from unreasonable searches violated by Defendants' conducting strip searches absent particularized suspicion. All members of the class were charged with misdemeanors or violations when placed into the custody of the Multnomah County Jail, and all were illegally strip searched in violation of the clearly established law in this judicial circuit.

12. Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the class sustained damages arising out of Defendants' course of conduct. The harms suffered by the Plaintiff are typical of the harms suffered by the class members.

13. The representative Plaintiff has the requisite personal interest in the outcome of this action and will fairly and adequately protect the interests of the Class. Plaintiff has no interests that are adverse to the interests of the members of the Class.

14. Plaintiff has retained counsel who has substantial experience and success in the prosecution of civil rights litigation.

15. Counsel for Plaintiff knows of no conflicts among members of the class, or between counsel and members of the class.

16. This action, in part, seeks declaratory and injunctive relief. As such, the Plaintiff seeks class certification under Fed. R. Civ. P. 23(b)(2), in that all class members were subject to the same policy requiring the illegal strip searches of individuals charged with misdemeanor or minor crimes and placed into the custody of the Multnomah County Jail. In short, the County of Multnomah, the Multnomah County Sheriff's Department, the Policy Making Defendants and Multnomah County Corrections Officers acted on grounds generally applicable to all class members.

17. In addition to certification under Rule 23(b)(2), and in the alternative, Plaintiff seeks certification under Rule 23(b)(3).

18. Common questions of law and fact exist as to all members of the Class, and predominate over any questions that affect only individual members of the Class. These common questions of law and fact include, without limitation, the common and predominate question of whether the Defendants' written and/or *de facto* policy/practice of strip searching all individuals charged with misdemeanors or minor crimes and committed to the Multnomah County Jail is a violation of the Fourth and Fourteenth Amendments to the United States Constitution, and whether such a written and/or *de facto* policy existed during the class period.

19. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all of the individual members of the class is impracticable given the large number of class members and the fact that they are dispersed over a large geographical area. Furthermore, the expense and burden of

individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them. The cost to the federal court system of adjudicating thousands of individual cases would be enormous. Individualized litigation would also magnify the delay and expense to all parties and the court system. By contrast, the conduct of this action as a class action in this District presents far fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each member of the Class.

20. Upon information and belief, there are no other actions pending to address the Defendants' flagrant violation of the civil rights of thousands of individuals, even though the Defendants have maintained their illegal strip search regimen for the past several years.

21. In the alternative to certification under Fed. R. Civ. P. 23(b)(3), Plaintiff also seeks partial certification under Fed. R. Civ. P. 23(c)(4).

# FACTS

## Facts Applicable to the Class Generally

22. The Fourth Amendment of the United States Constitution prohibits state officials, such as the Policy Making Defendants in this action and the Corrections Officers they supervise, from performing strip searches of arrestees who have been charged with misdemeanors or other minor crimes unless the officer has reasonable suspicion to believe that the arrestee is concealing a weapon or contraband.

23. Upon information and belief, the County of Multnomah, the Multnomah County Sheriff's Department and the Policy Making Defendants have instituted a written and/or *de facto* policy, custom or practice of strip searching all individuals who enter the custody of the Multnomah County Jail (by forcing them to remove their clothing for a visual inspection of their bodies and/or forcing them to submit to a visual inspection of their body cavities) and are placed into jail clothing, regardless of the nature of their charged crime and without the presence of reasonable suspicion to believe that the individual was concealing a weapon or contraband. For purposes of this Complaint, strip and visual cavity searches are collectively referred to as "strip searches."

24. The County of Multnomah, the Multnomah County Sheriff's Department, and the Policy Making Defendants know that they may not institute, enforce or permit enforcement of a policy or practice of conducting strip searches without particularized, reasonable suspicion. This judicial circuit has stated repeatedly that state officials may not strip search individuals charged with misdemeanors or violations absent particularized, reasonable suspicion, with this principle being clearly established in *Kennedy v. Los Angeles P.D.*, 901 F2d 702, 711, (9th Cir. 1990).

25. The Defendants' written and/or *de facto* policy, practice and custom mandating wholesale strip searches of all misdemeanor and violation arrestees has been promulgated, effectuated and/or enforced in bad faith and contrary to clearly established law.

26. Reasonable suspicion to conduct a strip search may only emanate from the particular circumstances antecedent to the search, such as the nature of the crime charged, the particular characteristics of the arrestees, and/or the circumstances of the arrest.

27. Upon information and belief, the County of Multnomah, the Multnomah County Sheriff's Department and Policy Making Defendants have promulgated, implemented, enforced, and/or failed to rectify a written and/or *de facto* policy, practice or custom of strip searching all individuals placed into the custody of the Multnomah County Jail and placed into jail clothing without any requirement of reasonable suspicion, or indeed suspicion of any sort. This written and/or *de facto* policy made the strip searching of pre-trial detainees routine; neither the nature of the offense charged, the characteristics of the arrestee, nor the circumstances of a particular arrest were relevant to the enforcement of the policy, practice and custom of routine strip searches.

28. Pursuant to this written and/or *de facto* policy, each member of the Class, including the named Plaintiff, was the victim of a routine strip search upon their entry into the Multnomah County Jail. These searches were conducted without inquiry into or establishment of reasonable suspicion, and in fact were not supported by reasonable suspicion. Strip searches are conducted for individuals arrested for, among other innocuous offenses, Driving While Intoxicated, Harassment and Trespassing.

29. As a direct and proximate result of the unlawful strip search conducted pursuant to this written and/or *de facto* policy, the victims of the unlawful strip searches – each member of the class, including the named Plaintiff – has suffered or will suffer psychological pain, humiliation, suffering and mental anguish.

### Facts Applicable to the Named Plaintiff

30. Mr. Riley Hinds' experience is representative of the class at large. He was strip and cavity searched on or about July 24, 2006.

31. On the above-mentioned occasion, Hinds was moved into a shower area in the Multnomah County Jail and ordered to disrobe. As a Corrections Officer watched, Mr. Hinds removed all of his clothing, including his underpants.

32. On each occasion, a Corrections Officer then instructed Mr. Hinds to lift his testicles, turn around, bend at the waist, spread the lobes of his buttocks and squat while coughing, with the Corrections Officer conducting a visual inspection of Mr. Hind's genitals and rectal cavity. Mr. Hinds was then provided with a jail uniform after taking a shower.

33. On each occasion, there was no reasonable suspicion to believe that Mr. Hinds was concealing a weapon or other contraband. Indeed, no inquiry was made of Mr. Hinds that could have given rise to the requisite reasonable suspicion.

34. On several other occasions during the class period, Hinds was taken to the Multnomah County Jail on identical or nearly identical circumstances to that detailed above.

35. As a direct and proximate result of the unlawful strip search conducted pursuant to County and Sheriff's Department policy, practice and custom, Mr. Hinds has suffered and continues to suffer psychological pain, humiliation, suffering and mental anguish.

## **CAUSES OF ACTION**

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS

### Violation of Constitutional Rights Under Color of State Law

### -- Unreasonable Search and Failure to Implement Municipal Policies to Avoid Constitutional Deprivations Under of Color of State Law --

36. Plaintiff incorporates by reference and realleges each and every allegation stated in paragraphs 1 through 37.

37. The Fourth Amendment of the United States Constitution protects citizens from unreasonable searches by law enforcement officers, and prohibits officers from conducting strip searches of individuals arrested for misdemeanors or violations absent some particularized suspicion that the individual in question has either contraband or weapons.

38. The actions of Defendants detailed above violated Plaintiff's rights under the United States Constitution. Simply put, it was not objectively reasonable for Multnomah County Corrections Officers to strip search Plaintiff and class members based on their arrests for misdemeanor/violation charges. It was also not objectively reasonable for the Policy Making Defendants to order/direct Multnomah County Corrections Officers to conduct such searches.

39. These strip searches were conducted pursuant to the policy, custom or practice of the County of Multnomah and the Multnomah County Sheriff's Department. As such, the County of Multnomah is directly liable for the damages of the named Plaintiff and members of the Class.

40. Upon information and belief, Sheriff Giusto is responsible for establishing the policies and procedures to be utilized in the operation of the Multnomah County Jail, and

is responsible for the implementation of the strip search policy questioned in this lawsuit. As such, Giusto is individually responsible for the damages of the named Plaintiff and members of the Class.

41. Sheriff Giusto knew that the strip search policy was illegal, and acted willfully, knowingly, and with specific intent to deprive Plaintiff and members of the Class of their Constitutional rights.

42. This conduct on the part of all Defendants represents a violation of 42 U.S.C. § 1983, given that their actions were undertaken under color of state law.

43. As a direct and proximate result of the unconstitutional acts described above, Plaintiff and members of the proposed class have been irreparably injured.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

### -- Demand for Declaratory Judgment --

44. Plaintiff incorporates by reference and realleges each and every allegation stated in paragraphs 1 through 45.

45. The policy, custom and practice of the Multnomah County Sheriff's Department, the County of Multnomah and the Policy Making Defendants is clearly unconstitutional, in that these entities and individuals are directing/conducting the strip searches of all individuals placed into the Multnomah County Jail without any particularized suspicion that the individuals in question have either contraband or weapons.

46. Plaintiff and members of the Class request that this Court issue a declaratory judgment, and that it declare the strip search policy of the County of Multnomah and the Multnomah County Sheriff's Department to be unconstitutional.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS

### -- Demand for Preliminary and Permanent Injunction --

47. Plaintiff incorporates by reference and realleges each and every allegation stated in paragraphs 1 through 48.

48. The policy, custom and practice of the Multnomah County Sheriff's Department, the County of Multnomah and the Policy Making Defendants is clearly unconstitutional, in that these entities and individuals are directing/conducting the strip searches of all individuals placed into the Multnomah County Jail without any

particularized suspicion that the individuals in question have either contraband or weapons.

49. Upon information and belief, this policy is currently in place at the Multnomah County Jail, with new and/or prospective members of the Class being subjected to the harms that have already been inflicted upon the named Plaintiff.

50. The continuing pattern of strip searching individuals charged with minor crimes will cause irreparable harm to the new and/or prospective members of the Class, an adequate remedy for which does not exist at law.

51. Plaintiff demands that the County of Multnomah, the Multnomah County Sheriff's Department, the Policy Making Defendants and Multnomah County Corrections Officers immediately desist from strip searching individuals placed into the custody of the County Jail Multnomah absent any particularized suspicion that the individuals in question have either contraband or weapons, and seek both a preliminary and permanent injunction from this Court ordering as much.

## DEMAND FOR PUNITIVE DAMAGES

52. The actions of the Individual Defendants detailed herein are outrageous, in that they continue to propagate an illegal strip search policy even though they know for a fact that their actions are unconstitutional.

53. It is clear that the Policy Making Defendant, the County of Multnomah and the Multnomah County Sheriff's Department have no respect for the civil rights of individual citizens or for the rule of law. Consequently, an award of punitive damages is necessary to punish the Policy Making Defendants, and to send a message to them that the requirements of the United States Constitution also apply to government officials in Multnomah County.

## DEMAND FOR TRIAL BY JURY

54. The Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Riley Hinds, on behalf of himself and on behalf of a class of others similarly situated, request that this Honorable Court grant him the following relief:

A.   An order certifying this action as a class action pursuant to Fed. R. Civ. P. 23.

B.   A judgment against all Defendants, jointly and severally on Plaintiff's First Cause of Action detailed herein, awarding Compensatory Damages to each named Plaintiff and each member of the proposed class in an amount to be determined by a Jury and/or the Court on both an individual and a class wide basis.

C.	A judgment against Defendant Giusto on Plaintiff's First Cause of Action for $1,000,000.00 in punitive damages.

D.	A declaratory judgment against all Defendants declaring the County of Multnomah and the Multnomah County Sheriff's Department's policy, practice and custom of strip and visual cavity searching all detainees entering the Multnomah County Jail, regardless of the crime charged or suspicion of contraband, to be unconstitutional and improper.

E.	A preliminary and permanent injunction enjoining Defendants from continuing to strip and visual cavity search individuals charged with misdemeanors or minor crimes absent particularized, reasonable suspicion that the arrestee subjected to the search is concealing weapons or other contraband.

F.	A monetary award for attorney's fees and the costs of this action, pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 23

Dated:  November 8, 2007

Respectfully submitted by:

_____
Leonard R. Berman, OSB # 96040
**ATTORNEY FOR PLAINTIFF AND THE PROPOSED CLASS**