Leonard R. Berman
4711 SW Huber St., Suite E-3
Portland, OR 97219
(503) 473-8787
OSB # 96040
Easyrabbi@yahoo.com

ATTORNEY FOR PLAINTIFF

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SANDRA SILVIA, | : |
| | : |
| Plaintiff, | : |
| | : Civil Action Number CV 07-1677 PK |
| v. | : |
| | : |
| MULNOMAH COUNTY, | : |
| BERNIE GIUSTO, | : |
| both individually and in his | : |
| official capacity as Sheriff, | : SECOND AMENDED |
| DEPUTY DIAMOND, Personally, | : COMPLAINT |
| DEPUTY TOWERS-PICTON, Personally, | : |
| | : **4th Am. Violation, *Monell* Claim** |
| Defendants. | : |
| | : |

## JURISDICTION

1.  This Court has jurisdiction over this action under the provisions of 28 U.S.C.

§§ 1331, 1341 & 1343 because it is filed to obtain compensatory damages, punitive

damages, and injunctive relief for the deprivation, under color of state law, of the rights

of citizens of the United States secured by the Constitution and federal law pursuant to 42

SECOND AMENDED COMPLAINT        1

U.S.C. §§ 1981 & 1983.  This Court also has jurisdiction over this action under the provisions of 28 U.S.C. § 2201, as it is filed to obtain declaratory relief relative to the Constitutionality of the policies of a local government.

2.  Venue is proper under 28 U.S.C. § 1391(e)(2) because the events giving rise to Plaintiff's claims and those of proposed class members occurred in this judicial district.

## PARTIES

2b. Defendant Multnomah County (the "County") is a county government organized and existing under the laws of the State of Oregon.  At all times relevant hereto, the County, acting through its Sheriff's Department, was responsible for the policies, practices, supervision, implementation and conduct of all matters pertaining to the Multnomah County Jail and was responsible for the appointment, training, supervision and conduct of all Sheriff's Department personnel, including those working in the Multnomah County Jail.  In addition, at all relevant times, the County was responsible for enforcing the rules of the Multnomah County Jail, and for ensuring that Sheriff's Department personnel employed in the Jail obey the Constitution and laws of the United States and of the State of Oregon.

3.  The Multnomah County Sheriff's Department (the "Sheriff's Department") is a County Sheriff's Department organized and existing under the laws of the State of Oregon. At all times relevant hereto, the Sheriff's Department was responsible for operating, organizing, overseeing and administering the Multnomah County Jail ("MCJ").  At all times relevant hereto, Defendant Sheriff's Department, together with

Multnomah County was responsible for the polices, practices, supervision, implementation and conduct of all matters pertaining to the MCDC, and was responsible for the appointment, training, supervision and conduct of all Sheriff's Department personnel, including those working in the MCDC. In addition, at all times relevant hereto, Defendant Sheriff's Department, together with Multnomah County, was responsible for enforcing the rules of the Multnomah County Jail, and for ensuring that Sheriff's Department personnel employed in the MCJ obeyed the Constitution and laws of the United States and of the State of Oregon.

4.   Defendant Bernie Giusto ("Sheriff Giusto") is the duly elected Sheriff of Multnomah County, and, as such, is a policy maker with respect to the treatment of pre-trial and other detainees over which the MCJ exercises custodial or other control. Sheriff Giusto is made a Defendant in this action in both his individual and official capacities.

5.   Deputy Diamond and Deputy Towers-Picton are employees of Multnomah County.

6.   Sandra Silvia, a Multnomah County resident, was strip-searched December 11, 2006 on Theft and Forgery charges.

<u>FACTS</u>

7.   Ms. Silvia came in to custody on assorted charges including Theft 1 and a history of Burglary 1. Classification Deputy Tamara Towers-Picton, mistakenly believed that Theft 1 and Burglary 1 were violent crime charges and authorized a strip search of Ms. Silvia by Deputy Diamond. She was later informed by her superior Sgt. Johnson that Theft 1 and Burglary 1 are not violent charges per se and that Silvia should not have been strip searched.

SECOND AMENDED COMPLAINT        3

8.    Multnomah County Policies , practices, customs, procedures, manuals, memoranda,  and trainings do not delineate in thorough or exhaustive fashion which felonies are strip search eligible and which are not.

9.    On December 11, 2006, Ms. Silvia removed all of her clothing, including her underpants.    On this occasion, a Corrections Officer Diamond then instructed Ms. Silvia  to turn around, bend at the waist, spread the lobes of her buttocks and squat while coughing, with the Corrections Officer conducting a visual inspection of Ms. Silvia's genitals and rectal cavity. Ms. Silvia was then provided with a jail uniform.

10.    On this occasion, there was no reasonable suspicion to believe that Ms. Silvia was concealing a weapon or other contraband.

11.    As a direct and proximate result of the unlawful strip search conducted pursuant to County and Sheriff's Department policy, practice and custom, Ms. Silvia has suffered and continues to suffer psychological pain, humiliation, suffering and mental anguish.


<u>CAUSE OF ACTION</u>

<u>AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS</u>

(Fourth Amendment Violation)


12.    The Plaintiff hereby demands a trial by jury.

13.    Defendant Multnomah County had a custom, policy or practice not to train deputies in the distinction between strip search eligible and non-strip  search eligible felonies, and did not maintain a posted policy or directive instructing which offenses

SECOND AMENDED COMPLAINT        4

were eligible for strip search, which was the proximate cause of Sandra Silvia receiving

an unconstitutional strip search on  or about December 11, 2006.

14.  Defendant Towers-Picton violated Silvia's rights to be free of unreasonable

search and seizure by authorizing her for a strip search absent reasonable suspicion that

she was secreting weapons or contraband.

15. Defendant Diamond violated Silvia's rights to be free of unreasonable search

and seizure by conducting a strip search absent reasonable suspicion that she was

secreting weapons or contraband.

## PRAYER FOR RELIEF

A.    WHEREFORE, Plaintiff Sandra Silvia, requests that this Honorable Court grant her

the following relief:

B.    A judgment against all Defendants, jointly and severally on Plaintiff's First Cause of

Action detailed herein, awarding Compensatory Damages to Plaintiff and in an amount to

be determined by a Jury and/or the Court .

C.    A judgment against Defendant Giusto, et al on Plaintiff's First Cause of Action for

punitive damages.

D.    A declaratory judgment against all Defendants declaring the County of Multnomah

and the Multnomah County Sheriff's Department's policy, practice and custom of strip

and visual cavity searching all detainees entering the Multnomah County Jail, regardless

of the crime charged or suspicion of contraband, to be unconstitutional and improper.

E.    A monetary award for attorney's fees and the costs of this action, pursuant to 42

SECOND AMENDED COMPLAINT       5

U.S.C. § 1988 and Fed. R. Civ. P. 23.

Dated:  December 8, 2008

Respectfully submitted by:

//S// Leonard R, Berman

_____

Leonard R. Berman, OSB # 96040
ATTORNEY FOR PLAINTIFF