FILED
AUG 19 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SANDRA SILVIA,

                Plaintiff,

v.

MULTNOMAH COUNTY, et al.,

                Defendants.

CV. 07-1677-PK

OPINION
AND ORDER

PAPAK, Magistrate Judge:

      Plaintiff Sandra Silvia alleged that the defendants Multnomah County and Multnomah County Sheriff Bernie Guisto violated her Fourth Amendment right to be free from unreasonable searches. The parties settled the case and this court awarded plaintiff $3975 in attorney's fees. Now before the court is Silvia's Motion for Leave to File an Untimely Bill of Costs. For the

Page 1- OPINION AND ORDER

reasons set forth below, I deny this motion.

## LEGAL STANDARD

In the District of Oregon, a prevailing party must submit a Bill of Costs "[n]ot later than fourteen (14) days after entry of judgment." LR 54.1(a)(1). Extensions of time to file are governed by Federal Rule of Civil Procedure 6. LR 6.1(a). A district court may, for good cause, extend the time available for filing a Bill of Costs "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). A district court's finding of excusable neglect is discretionary. *See Pincay v. Andrews,* 389 F.3d 853, 858 (9th Cir. 2004).

## FACTUAL BACKGROUND

The complaint in this action alleged that the Multnomah County Sheriff's Department failed to train deputies on the charges and prior convictions that justified a strip search and that the plaintiff was strip searched in violation of her Fourth Amendment rights. The parties settled the case and the court entered final judgment for the plaintiff on May 13, 2009. On May 29, 2009 the defendants provided a check for $5001 payable to the plaintiff and a check for $3975 payable to plaintiff's counsel, Leonard Berman, as attorney fees. At that time, defense counsel informed Mr. Berman that no payment was included to cover costs because a Bill of Costs was not filed with the court. Plaintiff filed a Motion for Leave to File an Untimely Bill of Costs on July 28, 2009.

## ANALYSIS

In the Ninth Circuit, a district court considers the following factors to determine if neglect is excusable: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its

Page 2- OPINION AND ORDER

potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay,* 389 F.3d at 855, *citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd P'ship et al.,* 507 U.S. 380, 395 (1993). The Ninth Circuit does not employ rigid, per se rules to define excusable neglect, instead "the weighing of *Pioneer's* equitable factors [is left] to the discretion of the district court in every case." *Id.* at 860. In general, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." *Pioneer,* 507 U.S. at 392. In addition, "a lawyer's failure to read an applicable rule is one of the least compelling excuses that can be offered." *Pincay,* 389 F.3d at 859.

Mr. Berman first asserts that he was unaware of Local Rule 54.1(a)(1). Later he claims that he attempted to submit a Bill of Costs, but it referenced the wrong case. He contends that defense counsel intentionally misled him by failing to inform him that his Bill of Costs was incorrect and by indicating that a check for costs would be forthcoming. The evidence does not support this claim. Rather it indicates that, at most, defense counsel failed to educate Mr. Berman as to Local Rule 54.1(a)(1).

I am not persuaded that Mr. Berman has demonstrated excusable neglect. The untimely filing would not prejudice the defendants, nor is there reason to believe that Mr. Berman has proceeded in bad faith. The delay was unreasonably long but there is no potential impact on judicial proceedings since the case has been closed for some time. Yet the reason for the delay weighs heavily against Mr. Berman. Overall, the *Pioneer* balancing test weighs against an extension of time in these circumstances. Consequently, I hold that Mr. Berman failed to show excusable neglect.

Page 3- OPINION AND ORDER

## CONCLUSION

Silvia's Motion for Leave to File an Untimely Bill of Costs (#54) is denied.

IT IS SO ORDERED.


Dated this 19th day of August, 2009.

_____
Honorable Paul Papak
United States Magistrate Judge


Page 4- OPINION AND ORDER